BERTHEOLET VS. PARKER, imp.

MECHANIC'S LIEN.  *(1) What petition must show.  (2) Requisites of notice.*

1. The petition of a subcontractor for a lien for work done upon a building (under ch. 153, R. S.) must show with whom the original contract for the erection or repair of the building was made, and that such person had an interest in the premises affected by the proceeding, upon which a lien can be enforced, or it is inadmissible in evidence in an action to enforce the lien, and cannot be aided by the complaint.

[2. LYON, J., is also of the opinion that the *notice* required by the statute (sec. 2) must specify the *sum* for which the lien is claimed.]

APPEAL from the Circuit Court for *Crawford* County.

The defendants Reynolds & Lefeldt were employed by the defendant *Mary E. Parker* to erect, and did erect, a dwelling house for her on certain lots described in the complaint, situated in the city of Boscobel. The plaintiff performed labor for Reynolds & Lefeldt on such house, at a stipulated price, a balance of which remains unpaid. This action was to recover such balance of Reynolds & Lefeldt, and to enforce a lien therefor on such building and lots.

Within the time prescribed by statute (R. S., ch. 153, sec. 2), the plaintiff served the following notice on *Mrs. Parker:* "To *Mrs. Mary E. Parker*, administratrix of the estate of D. T. Parker, deceased: MADAM: You are hereby notified that I, the undersigned, have done work as subcontractor under Messrs. Reynolds & Lefeldt, on the building owned by you as such administratrix, in the city of Boscobel, Wisconsin, situated in blocks 2 and 11 in Parker's addition to said city of

Boscobel, according to the record plat thereof; and that my said work so done on your building as aforesaid, is unpaid for; and that I claim the benefit of the lien given and granted by ch. 153 of the revised statutes of Wisconsin, entitled 'of the liens of mechanics and others,' and of the several acts amendatory thereof. Dated this 2d day of September, 1875.

"N. BERTHEOLET."

The plaintiff also, in due time, filed in the proper office his claim or petition for a lien, in which he states (among other things) that the work for which he claims the lien, was performed by him as subcontractor under Reynolds & Lefeldt, "on the building and premises [describing them] belonging to the estate of Dwight T. Parker, deceased." There is no averment therein that the defendant *Mary E. Parker* has any interest in such premises. *Mrs. Parker* alone defended the action. Her answer is a general denial. On the trial, the petition for a lien was offered in evidence by the plaintiff, and received against the objection of *Mrs. Parker*. The trial resulted in a judgment against *Mrs. Parker* alone. The judgment is, that plaintiff have a lien upon the right, title and interest of *Mrs. Parker* in and to the building and premises described in the complaint, which she had when notice of the plaintiff's claim for a lien was served on her, to the amount which was found due the plaintiff from Reynolds & Lefeldt, and costs. The jury found that when such notice was served, she owed Reynolds & Lefeldt a much greater sum than plaintiff recovered.

The defendant *Mrs. Parker* appealed from the judgment.

For the appellant, a brief was filed by *Barber & Clementson*, and the cause was argued orally by *Mr. Clementson*. They contended, among other things, 1. That the notice of plaintiff's claim given to *Mrs. Parker* was insufficient. (1) The action is for a lien upon a building situate upon two specified lots in block 2, and two specified lots in block 11, owned by her in fee simple; the lien claimed in the notice is

upon a building " situated upon blocks 2 and 11," owned by her as administratrix of a certain estate. The notice does not describe the property with sufficient certainty. *McCarty v. Van Etten*, 4 Minn., 461. (2) The notice does not state the amount claimed. *Thomas v. Barber*, 10 Md., 380; Phillips on Mechanics' Liens, § 21. 2. That the petition for a lien was irrelevant and incompetent as evidence. It is upon its face a petition for a lien upon property of the estate of Dwight T. Parker, deceased; but after the owner's death, a petition cannot be filed to enforce a lien upon his property. *Dobbs v. Enearl*, 4 Wis., 451. It states that " the real substance of the contract between the original contractors and the owner of the premises is not sufficiently known to him [the petitioner] to describe herein," and that notice in writing has been served " upon the owner of said building and premises." The person here referred to as owner of the building and premises, who contracted for the erection of the house, and upon whom the notice had been served, appears, by the language of the petition, to have been the deceased Dwight T. Parker. The only mention of *Mrs. Parker* in the petition is in the statement that the petitioner is to receive for his work upon the building " $3,000 to be paid in the manner stated in contract between *Mary E. Parker* and Reynolds & Lefeldt." It cannot be inferred from this, either that *Mrs. Parker* is the owner of the premises, or that her contract with Reynolds & Lefeldt was for the building of the house. The petition is likewise defective for failing to state that at the time notice was given, there was something due or to become due from the owner to the original contractors (Tay. Stats., 1763, § 4, and 1765, § 11); and because it does not sufficiently set forth the contract upon which the claim is founded. *Simpson v. Dalrymple*, 11 Cush., 308.

For the respondent, a brief was filed by *Geo. Mills*, and the cause was argued orally by *J. T. Mills:*

It is often very difficult for a petitioner to ascertain the

true description and ownership of the land on which a building has been erected. Amendments are therefore allowed in these respects. These cannot affect *bona fide* purchasers; but as between the petitioner and the party who has procured the erection of the building, justice requires that amendments should be allowed according to the facts. *Witte v. Meyer,* 11 Wis., 295; 7 id., 105; *Challoner v. Howard,* 41 id., 359. As to *Mrs. Parker's* interest in the land, the evidence clearly shows that she and some or all of her children, adults and minors, reside on the land and in the building erected under the contract between her and Reynolds & Lefeldt. She, at least, ought to be estopped from denying her title to the land or building. But for the purpose of this lien, *possession* is sufficient. It is an interest in real estate, and may be sold on execution. *Dean v. Pyncheon,* 3 Chand., 9; *Bunker v. Rand,* 19 Wis., 259; *Bates v. Campbell,* 25 id., 616; *McCoy v. Quick,* 30 id., 526.

LYON, J. I am clearly of the opinion that the notice given by the plaintiff to *Mrs. Parker* that he had performed labor on the house for Reynolds & Lefeldt, the original contractors, and claimed a lien therefor, is fatally defective, in that it fails to state the amount of his claim. The notice required by the statute (R. S., ch. 153, sec. 2) is essential to the plaintiff's right to a lien, and, to be effectual, must state that the plaintiff claims the benefit of the lien granted by the statute. I am unable to perceive how this can be sufficiently stated without specifying the sum for which the lien is claimed. The lien which the statute gives is a lien for the sum due the plaintiff from the original contractors, if the owner of the premises is indebted to them in a sum equal thereto, and if not, then to the amount of such indebtedness. From the notice served upon her, how could *Mrs. Parker* know the sum which she must withhold from the original contractors to pay the demand of the plaintiff? I cannot think it is the purpose of

the statute to permit a subcontractor, by a notice which gives no information of the amount of his claim, to compel the owner of the premises to ascertain the amount of it as best he may, and thus to render it unsafe for him, after service of the notice, to make further payments to the original contractors. This would be unjust in the highest degree, both to the owner and to such contractor, and the statute should not be construed to allow such injustice to be committed.

My brethren, however, express no opinion on the sufficiency of the notice, but rest their judgment upon another ground, which will now be stated, and in which I concur.

The statute provides that "the claim or petition shall contain a brief statement of the contract or demand on which it is founded, and of the amount due thereon, with a description of the premises and all other material facts in relation thereto." R. S., ch. 153, sec. 5. The filing of such claim or petition is a jurisdictional requisite, without which the lien cannot be enforced. Kneeland on Mechanics' Liens, § 182, p. 202; 1 E. D. Smith, 654. No argument is necessary to show that in stating a contract the names of the parties thereto must be disclosed, or that a statement of all the material facts relating to a claim or petition for a lien must include sufficient averments of fact to show that the petitioner is entitled to the lien claimed. Hence, a petition filed by a subcontractor must show that the original contract was with some person having an interest in the premises affected by the proceeding, upon which a lien can be enforced.

In this case the petition states that the plaintiff claims a lien on the lots therein described for labor performed by him on the house as a subcontractor under Reynolds & Lefeldt, the original contractors, but there is no direct averment as to who is the other party to such original contract. True, there is a reference in the petition to a contract between *Mary E. Parker* and Reynolds & Lefeldt, but it is not stated that this is the original contract. There is some

room, however, for the inference that the original contract is intended.

But, conceding that the petition sufficiently states that the parties to the original contract are *Mary E. Parker* and Reynolds & Lefeldt, there is nothing in the petition to show that *Mary E. Parker* has any interest whatever in the premises sought to be charged with the lien. On the contrary, it is expressly stated therein that the premises belong to the estate of Dwight T. Parker, deceased. This is saying in another form that the heirs or devisees of such deceased are the owners thereof, and there is no averment that *Mary E. Parker* is an heir or devisee, or even the widow, of Dwight T. Parker.

In short, the petition fails entirely to show that the plaintiff is entitled to the lien which he claims. It is, therefore, fatally defective, and it is not and cannot be aided by the complaint. The objection to the admission of the petition in evidence should have been sustained, and, had it been, judgment for the appellant would have been the inevitable result.

*By the Court.* — The judgment of the circuit court is reversed, and the cause will be remanded for further proceedings according to law.