[No. 6,018.]

## HOOPER et al *v.* FLOOD et al.

Mechanics' Lien — Misjoinder of Parties — Agent — Variance — Demurrer.—In an action to foreclose a mechanic's lien, a contractor or subcontractor is a proper party; but a mere agent, through whom purchases were made by the owner, is not. Accordingly, in such an action against F. and I., where the complaint alleged that the materials were furnished to the former as the agent of the latter: *Held*, that the Court below erred in overruling a demurrer for misjoinder of parties, and that the error was not cured by the subsequent finding of the Court that the materials were furnished to F. as a contractor, and not as a mere agent.

Id.—Claim.—To maintain a claim for a mechanic's lien, a substantial observance of the provisions of the law is required; and an omission to state in the claim the terms, time given, and conditions of the contract under which the work is done or the material furnished, or to state the name of the owner or reputed owner, is fatal.

Appeal from a judgment for the plaintiffs, in the Nineteenth District Court, City and County of San Francisco. Wheeler, J.

The facts are stated in the opinion.

*Bishop & Fifield*, for Appellants.

If the complaint be taken as alleging the statutory agency of Flood, it does not state facts sufficient to constitute a cause of action, because it does not aver that any part of the contract price of the buildings remains unpaid. (*Renton* v. *Conley*, 49 Cal. 187; *Wells* v. *Cahn*, 51 Id. 424.) If, on the other hand, it be taken as alleging an express agency, then it in effect alleges that the goods were sold to Irvine himself: for whatever is done by an agent, duly authorized, is in law the act of

the principal; and it follows, that a different case is found in the findings from that alleged in the complaint. This is a fatal variance. (*Hicks* v. *Murrey*, 43 Cal. 521; *Mondran* v. *Goux*, 51 Id. 151; *Christian College* v. *Hendley*, 49 Id. 347; *Hopkins* v. *Orcutt*, 51 Id. 538.)

The statute requires that the claim shall contain "a statement of the terms, time given, and conditions of the contract." All the liens are defective in this respect. (Code Civ. Proc. § 1187.)

*Thomas V. O'Brien*, for Respondents.

The statement of the terms, time given, and conditions of the contract, was sufficient. (*Barbour* v. *Reynolds*, 44 Cal. 533; Civ. Code, §§ 4, 3538, 3541–2.)

As to the question of variance, the objection cannot be taken for the first time in the Supreme Court. (*Dikeman* v. *Norrie*, 36 Cal. 99–103.) There was in fact no variance. (Code Civ. Proc. §§ 578, 580; *Mills* v. *Barney*, 22 Cal. 248; *Lane* v. *Gluckauf*, 28 Id. 294–5.) Even though there were a slight variance, so long as it is apparent that the defendant was not injured, he cannot complain. (Code Civ. Proc. 469–475; *Began* v. *O'Reilly*, 32 Cal. 11.)

Department No. 2, SHARPSTEIN, J.:

This is an action for the foreclosure of five mechanics' liens. Four of the persons claiming liens united in the action as original plaintiffs, and one of them was permitted to come in as an intervenor. Each of the original plaintiffs stated his cause of action in an independent count. To that we cannot perceive any serious objection.

The action is brought against Alexander Flood and James Irvine, and in the complaint it is alleged that Irvine is the owner of the premises affected by the liens, "and that the defendant, Alexander Flood, was employed by said defendant, James Irvine, the owner as aforesaid, as his agent for and in the said construction and erection of said buildings." Afterward it is alleged that the plaintiffs entered into an agreement

" with said defendant, Alexander Flood, as such agent of said' defendant, James Irvine, for the delivery" of the materials " used in the erection of said buildings." This complaint was demurred to, on the ground, among others, of misjoinder of parties defendant, because said Flood was not a proper or necessary party defendant in the action. The demurrer was overruled.

Assuming, as we must, that the relations which the several parties sustained toward each other are correctly stated in the complaint, we cannot avoid the conclusion that Flood was neither a necessary or proper party to the action. He is alleged to have been the agent of Irvine; a fact which we are bound to presume, from the allegations of the complaint, was well known to the plaintiffs when dealing with him. Upon what principle an agent who contracts for his principal can be held liable, either in connection with his principal or otherwise, passes our comprehension. By this, we mean an agent who is such in fact, and who really and ostensibly acts within the scope of his authority for his principal, as Flood did, according to the allegations of the complaint. If it were alleged that Flood was the " contractor, subcontractor, architect, builder, or other person" who had charge of the construction of defendant Irvine's buildings, we should be bound to hold Flood to be the agent of Irvine for the purposes of chapter 2, title 4, of the Code of Civil Procedure. The complaint, however, contains allegations which establish the relation of principal and agent between Irvine and Flood independently of that provision; and that provision does not make the persons who are to be held agents for the purposes therein specified, liable on contracts negotiated by them for their principals, beyond what they otherwise would be. As a contractor or subcontractor, Flood might be a proper party to the action. As a simple agent he is not. The demurrer to the complaint on the ground above specified should have been sustained.

After the demurrer was overruled, the defendant Irvine answered the complaint, and alleged that Flood was a contractor, and the Court found such to be the fact; but that does not cure the error which the Court committed by overruling the demurrer.

The defendant annexes to, and makes a part of his answer, copies of the claims of liens filed for record by the several plaintiffs in this action. Each of these statements contain the following clauses:

"That said materials were furnished to Alexander Flood for and as the agent of the said James Irvine."

"That the terms, time given, and conditions of said contract are and were cash."

The law requires that the statement filed for record shall contain "the name of the owner or reputed owner, if known, and also the name of the person by whom he (claimant) was employed, or to whom he (claimant) furnished the materials, with a statement of the terms, time given, and conditions of his contract." (Code Civ. Proc. § 1187.)

On behalf of appellant, it is insisted that the requirement as to "terms, time given, and conditions of his contract" is not fulfilled by the statement that they "were and are cash." "The lien provided by the statute can be maintained only by a substantial observance of its provisions." (*Wood* v. *Wrede*, 46 Cal. 637.) And we are not at liberty to treat any of its requirements as unessential. The only question which we can determine is, whether there has been a substantial compliance with them? Whether the word "cash" sufficiently shows what the terms and conditions of the contract were, and what time was given, is the question which we have to decide.

In respondent's brief it is said that, "In modern times, there is no word in the English language so pregnant with meaning as the little word 'cash,' used in the proper relation;" and it is further said, in the same connection, that "it contains a world of significance." On turning, however, to the standard dictionaries of the English language, we find, that its primary meaning is "a box;" and that its common meaning is "money," and that it sometimes means "ready money." Accepting these definitions as probably correct, it does not seem to us that the word "cash," when used in the connection in which it is in this case, signifies anything.

Assuming that the contract in this case was of the most simple character, consisting of an agreement that one of the

parties should furnish certain materials to be used in the construction of the buildings which were being erected upon the defendant's premises, and that the other should pay a stipulated price for said materials upon the delivery of them upon said premises or elsewhere, would the word " cash " indicate to a reasonable certainty that these were " the terms, time given, and conditions " of the contract ? If a witness were asked to state before a court and jury " the terms, time given, and conditions " of such a contract, would the answer " cash " be considered satisfactory ? It is conceded that if time had been given, " cash " would not be the appropriate word to express the " terms, time given, and conditions " of the contract. In that case the word " credit " would throw just as much light upon the terms, etc., of the contract, as the word " cash " does in this case. To hold that the statement in this case, in respect of " the terms, time given, and conditions of his contract " is a compliance with the law, would be, in effect, to hold that a compliance with it, in this respect, is unnecessary. This we are not prepared to do.

The complaint of the intervenor was not demurred to, and the only objection which we can consider in this case is one which arises out of the findings of the Court. The Court embodies in its tenth finding a copy of the intervenor's notice and claim of lien filed for record. In that copy the name of the owner or reputed owner of the property is not given, nor is it stated that the name of such owner or reputed owner of the property is not known to the persons who filed the statement. The law required that " a claim containing a statement " of certain facts, " with the name of the owner or reputed owner if known," should be filed for record. (Code Civ. Proc. § 1187.) But the statement is, in substance, that James Irvine caused the buildings to be constructed; that the materials were furnished for him, to be and were used in the construction of said buildings; and that it is the intention of the claimants to claim and hold a lien upon the buildings on the land upon which they are erected, and upon such interest as James Irvine, who caused the buildings to be constructed, had therein and thereto on the 20th day of September, 1875, when the claimants commenced furnishing said materials.

Is that equivalent to the statement of the name of the owner or reputed owner of the property, or that the name of such owner or reputed owner is not known? We cannot so hold. Everything stated may be strictly true, and yet Irvine be neither the owner or reputed owner of the premises upon which the buildings were erected. That it subsequently appeared in the case that he was the owner, cannot cure this defect in the claim filed for record. Upon a compliance with the law, and upon no other condition, is a lien given.

It follows that the judgment in this case must be reversed. Judgment reversed.

THORNTON, P. J., and MYRICK, J., concurred.