MORRISON, MERRILL & CO., APPELLANTS v. H. W. WILLARD & W. E. STEWART AND B. J. CLAYTON, RESPONDENTS.

MECHANIC'S LIEN—NOTICE—STATUTORY REQUIREMENTS.

Where a mechanic's lien is filed, and it does not appear from the notice that the material was furnished for the construction of the building in question, or that any portion of the material was used in the construction or purchased for the purpose of constructing the building referred to in the notice of lien, and that, except inferentially, the notice contains no statement of the terms, time given, and conditions of the contract, the statute has not been complied with; and these essential averments, having been omitted in the notice, cannot be supplied by averments in the complaint, or by extrinsic evidence.

(No. 900. Decided June 16, 1898.)

Appeal from district court, Salt Lake county; Ogden Hiles, *judge*.

Action by Morrison, Merrill & Co. against Willard & Stewart and B. J. Clayton. A demurrer to the complaint was sustained as to defendant Clayton, and plaintiff appeals. *Affirmed.*

*J. M. Bowman,* for appellant.

*King, Burton & King,* for respondent.

MINER, J.:

Plaintiff commenced this action to foreclose a mechanic's lien upon property owned by defendant Clayton, arising upon its contract in furnishing material to Willard & Stewart, as subcontractors on a contract by them to build a house for defendant Clayton, and to secure a judgment against Willard and Clayton. The notice claiming a lien as filed, and set forth in the complaint, so far as material, reads as follows:

*To Whom it May Concern:*

"Notice is hereby given that Morrison, Merrill & Company, a corporation duly organized under the laws of Utah, intends to claim and hold a lien on the following described premises, to-wit: * * * said described premises being the property of B. J. Clayton, who contracted with H. W. Willard and R. Stewart, doing business as Willard & Stewart, to erect said Clayton a residence on above-described premises. The claimants, Morrison, Merrill & Co., as subcontractors in the first degree, having furnished Willard and Stewart lumber and building material to the amount of $775.68, on which there is a credit of $301.64, leaving still due and unpaid $474.04, for which amount said lien is claimed, together with interest at eight per cent, per annum from September 10, 1896, said Willard and Stewart having bought said material and agreed to pay for the same in cash."

Defendant Clayton filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained as to defendant Clayton. Plaintiff declined to amend, and the complaint was dismissed as to Clayton. Thereupon the plaintiff appeals to this court.

The question in the case arises upon the sufficiency of the notice under the statute. Rev. St. § 1386, provides that "every original contractor within sixty days after the completion of his contract, and every person save the original contractor claiming the benefit of this chapter, must within forty days after furnishing the last material or performing the last labor for any building, improvement, or structure, or for any alteration, addition to or repair of, or performance of any labor in, or furnishing any materials for, any mining claim, file for record with the county recorder of the county in which the property or some part thereof is situated, a claim in writing containing a notice of intention to hold and claim a lien, and a statement of his demand, after deducting all just credits and offsets, with the name of the owner if known, and also the name of the person by whom he was employed or to whom he furnished the material, with a statement of the terms, time given, and conditions of his contract, specifying the time when the first and last labor was performed, or the first and last material furnished and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or some other person." The evident purpose and object of the statute was to inform the owner or others interested as to the extent and nature of a lienor's claim, in order to facilitate investigation, and determine the relative rank and merits of the lien filed. The rights of subcontractors and material men can be ascertained by

reference to the lien as filed, and necessarily rest upon proof of contracts between the parties, such as accord with the terms and conditions set forth in the claim of lien filed.   In order to entitle a person to a lien upon the property of another for materials furnished or labor performed, such claimant must substantially comply with all of the requirements of the statute in the statement of his claim for a lien, and in all essential particulars such statement must be true.   Whatever rights such lienor has he obtains by virtue of the statute, and a full substantial compliance with its provisions must be observed, or his rights thereunder will fail.   The lien is brought into operation by virtue of the statute.   The contract for the construction of the building is entered into with a view of or with reference to the statute.   The lien is a mere incidental accompaniment, as a means of enforcing payment, or a mere remedy given by statute which secures a performance provided for, but which does not exist, notwithstanding the justice of the claim, unless the claimant brings himself within the requirements of the statute, and shows a substantial compliance with its essential provisions.   *Hooper* v. *Flood,* 54 Cal. 222; *Goss* v. *Strelitz,* Id, 640; *Wagner* v. *Hansen,* 103 Cal. 104; Phil. Mech. Liens, § 9. Under these circumstances, was the lien as filed a substantial compliance with the essential requirements of the statute?   The statute requires the name of the owner, if known, to be stated in the notice.   The notice recites that, "said described premises being the property of B. J. Clayton."   We are of the opinion that this recital is in substantial compliance with the statute.

Again, it does not appear from the notice that the material was furnished for the construction of the building in question, or that any portion of the material was used in the construction or purchase for the purpose of

constructing the building referred to in the notice of lien. In order to comply with the terms of the statute, it should appear that the material was furnished for the building in question, or was used in its construction. The statute authorizes the lien when it appears that materials were furnished for any building, improvement, or structure, etc. Under such a statute, when the lienor seeks to obtain a lien upon the real property of the owner, and obtains a right thereto, it is reasonable to require the lienor to show that the material was furnished for the construction of the building upon which he seeks to obtain his lien. *Mill Co.* v. *Ritter,* 33 Mo. App. 404; Boisot, Mech. Liens, § 308.

The statute also requires that the notice shall contain a statement of the "terms, time given, and conditions" of the contract. This requirement of the statute was not substantially complied with. Except inferentially, the notice contains no statement as to what the contract was, how much lumber was purchased or furnished, what price was agreed to be paid for the lumber, whether the lumber was purchased or delivered for the purpose of constructing the building in question, and whether it was ever used in the building in question. The nature of the contract and the time in which it was to be performed, whether the price as charged was the price agreed to be paid, what the contract was between the owner and the contractor, and whether the credit allowed was a just credit or otherwise, does not sufficiently appear. All these questions were largely left to conjecture and uncertainty. *Hooper* v. *Flood,* 54 Cal. 221; Boisot, Mech. Liens, 401; *Gates* v. *Brown* (Wash.) 25 Pac. 914; *Wagner* v. *Hansen,* 103 Cal. 104.

Rev. St. § 1373 (Sess. Laws 1894, p. 44), provides that, "in case of a contract between an owner and a contractor, the lien shall extend to the entire contract price, and such

contract shall operate as a lien in favor of all persons except the contractor to the extent of the whole contract price, and, after all such liens are satisfied, then as a lien for any balance of the contract price in favor of the contractor. * * *" Under this statute, no lien of the subcontractor can extend beyond the contract price between the owner and the contractor. The extent of the rights of the subcontractor under his lien will depend upon the original contract between the owner and the contractor. It is therefore necessary that the notice of lien should contain and set out, so far as claimant is able to ascertain and disclose it, the contract between the owner and the contractor, so that the price, terms, and conditions of the contract may be known as affecting the rights and interests of the subcontractor and others interested. Boisot, Mech. Liens, § 402; *Gates* v. *Brown,* 1 Wash. St. 470. These essential averments, having been omitted in the notice of lien, cannot be supplied by averments in the complaint, or by extrinsic evidence. *Berthelot* v. *Parker,* 43 Wis. 551; *Walter* v. *Falcon Mining Co.,* (Nev.) 2 Pac. 50; *Wagner* v. *Hansen,* 103 Cal. 104.

We are of the opinion that the demurrer was properly sustained. We find no error in the record. The judgment of the district court is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.