## CHASE v. DAWSON et ux.

No. 7363.   Decided February 28, 1950.   (215 P. 2d 390.)

See 57 C. J. S., Mechanics Liens, sec. 151. Mechanics liens, notice as to, see note, 158 A. L. R. 682. See, also, 36 Am. Jur. 90.

*L. B. Wight,* Salt Lake City, for appellants.

*Ray S. McCarty,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendants appeal from a district court judgment whereby a materialman's lien was foreclosed. There is no dispute as to the fact that the materials were actually furnished and were used on the premises in construction of a house, and that defendants are the owners for whom the house was built. The sole question for review relates to the legal sufficiency of the notice of lien.

Appellants contend that the notice of lien does not comply with section 52-1-7, U. C. A. 1943, and that such notice is fatally deficient for failure to state: (a) The nature and amount of the material furnished by the claimant; (b) the use to which the materials were applied; (c) to whom the same were delivered; (d) the terms of the contract and conditions of the contract under which they were furnished; and (e) the status of the one with whom the claimant made an oral contract, whether agent, contractor or otherwise.

The notice of lien is no model. However, substantial compliance with the statute is all that is required. The particular portions of the statute which appellants claim were disregarded, in the notice of lien in controversy, read as follows:

"* * * a claim in writing, containing a notice of intention to hold an claim a lien, and a statement of his demand after deducting all just credits and offsets, with the name of the owner, if known, and also the name of the person by whom he was employed or to whom he furnished the material, with a statement of the terms, time given and conditions of his contract, specifying the time when the first and last labor was performed, or the first and last material was furnished, and also a description of the property to be charged with the lien, sufficient for identification, * * *."

Obviously, the statute does not require that a material-man shall include an itemized list of building materials, specifying nails, door-knobs and other items. The instrument here in question clearly shows that building materials were furnished to the owner, the first named defendant, and used "on and about the house on said land," which land is fully and legally described by lot and subdivision. The notice recites that the materials were furnished to the owner Kirby S. Dawson, so that it matters not whether the materials were ordered by the general contractor, or as to who signed for them on the job.

This case does not involve a situation where the claim of lien does not show that the material was delivered for use on or about the structure erected on the land to which it is claimed that the lien attaches, as was the case in *Morrison, Merrill & Co.* v. *Willard et al.,* 17 Utah 306, 53 P. 832, 70 Am. St. Rep. 784. The notice recites that the owner agreed to pay cash, so that there were no terms for deferred payments to be stated. However informal some of the phrases in the notice of lien, there was substantial compliance with the statute and no fatal omission.

The judgment is therefore affirmed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.