**Kelly GRAFF and Keri Graff, his wife, Plaintiffs and Appellants,**

v.

**BOISE CASCADE CORPORATION, a Delaware corporation, Defendant and Respondent.**

**No. 18062.**

Supreme Court of Utah.

March 9, 1983.

Earl D. Tanner, Craig S. Cook, Salt Lake City, for plaintiffs and appellant.

Robert D. Maack, Vincent C. Rampton, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Plaintiffs brought this action for the purpose of invalidating a mechanic's lien claimed against their property. Both sides moved for summary judgment and the trial court ruled in favor of defendant, concluding that the notice of intention to claim a

---

lien which was recorded by defendant was in substantial compliance with statutory requirements.

The facts are not in dispute. At the time defendant filed the notice of lien, Roncor, Inc., was the record owner of the property. However, plaintiffs were the equitable owners as evidenced by an agreement that was subsequently made of record in the office of the Utah County Recorder.

The notice of lien reflects that the materials were requested by and furnished to defendant Boise Cascade Corporation. However, that is patently erroneous.

The signature block on the notice of lien reflects that it was signed by one Berk Buttars, as agent of Boise Cascade Corporation. The verification block which follows contains a line for insertion of the name of the person to be sworn, followed by a line for the signature of the person sworn. However, both of these lines were left blank. Those portions of the notice appear as follows:

BOISE CASCADE CORPORATION.

By /s/ Berk Buttars
_____
Agent

State of ___ Utah ___ County of ___ Utah ___

_____

Being first duly sworn upon oath deposes and says: that he is an agent of BOISE CASCADE CORPORATION, a corporation, the claimant herein and makes this verification for and on its behalf; that he has read the foregoing notice and claim of lien and knows the contents thereof and believes the same to be true and just.

_____

Subscribed and sworn to before me this ___ 9th ___ day of ___ November ___, 1979.

/s/ Michael H. Spokman
_____
Notary Public

Residing at Orem, Utah
My Commission expires 3–21–83

Plaintiffs' sole contention on appeal is that the notice of lien is invalid as a matter of law inasmuch as it does not set forth the name of the person that requested the materials and because it was not properly verified. Defendant's rejoinder is that the omissions on the face of the notice are simply inconsequential shortcomings and that the trial court appropriately applied the doctrine of substantial compliance in ruling in its favor.

█ The doctrine of substantial compliance has validity and it has application in an appropriate case.[1] However, the particular facts of this case preclude its application.

█ U.C.A., 1953, § 38–1–7 specifically requires, *inter alia,* that the notice of intention to claim a lien contain the name of the person to whom the material was furnished, and that the claim be verified under oath.

In the recent case of *First Security Mortgage Co. v. Hansen,*[2] we construed the requirement of verification as set forth in the foregoing statute and concluded that the lack of verification is not a hypertechnicality that the Court is free to discount, but that verification is a mandatory condition precedent to the very creation and existence of a lien.[3]

Defendant makes an effort to distinguish *Hansen* by contending that in that case the only fact sworn to was the identity and authority of the person signing the notice of claim, whereas in the instant case the verification was complete except for the fact that the lien claimant's signature appears on the wrong line. We are not so persuaded.

In order to adopt defendant's contention, it must be assumed that the name and the signature of Berk Buttars were intended to be affixed on the blank line provided for verification of the notice of claim. We are not free to make those assumptions.

In the absence of a name appearing to identify the person verifying the claim, and

---

1. *Chase v. Dawson,* 117 Utah 295, 215 P.2d 390 (1950).

2. Utah, 631 P.2d 919 (1981).

3. *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.,* Alaska, 563 P.2d 258 (1977).

in the further absence of the signature of the person who purportedly swore under oath as to the veracity of the claim, we conclude as we did in *Hansen, supra,* that the notice of claim of lien clearly lacked verification and that the statutory requirements have not been substantially complied with. Having so concluded, we need not address whether the failure to designate in the notice of lien the person to whom the materials were furnished constitutes substantial compliance. Suffice it to say that such failure, when coupled with a lack of verification, renders the notice of lien invalid.

Reversed and remanded for the purpose of entering judgment in favor of plaintiffs, together with costs.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.