**FIRST SECURITY BANK OF UTAH, N.A., Appellant,**

v.

**Harriet STYLER, Trustee of the Bankruptcy Estate of Delbert L. Peterson and Diane A. Peterson, Appellee.**

**No. 92–C–669W.**

United States District Court, D. Utah, C.D.

Nov. 6, 1992.

Lorin D. Ronnow, Wilkins, Oritt & Ronnow, Salt Lake City, Utah, for appellant.

Steven G. Loosle, Kruse, Landa & Maycock, Salt Lake City, Utah, for appellee.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on appellant First Security Bank of Utah's ("First Security") appeal from the order of the United States Bankruptcy Court granting trustee Harriet Styler's ("Trustee") motion for summary judgment. A hearing on this appeal was held on October 29, 1992. First Security was represented by Lorrin D. Ronnow, and the Trustee was represented by Steven G. Loosle. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties, including their supplemental briefs. Since taking the matter under advisement, the court has further considered the law and facts relating to the issues on appeal. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

On August 20, 1984, the debtors in this case, Delbert and Diane Peterson ("debtors"), executed a Trust Deed Note ("Note") in favor of American Savings and Loan in the amount of $77,972.00. The Note and certain real property in Salt Lake County owned by the debtors ("Property") were secured by a Trust Deed with Assignment of Rents ("Trust Deed"). The acknowledgment contained in the Trust Deed was signed by a notary public. Although the notary public's official seal and the expiration date of her commission were affixed and noted on the Trust Deed, the acknowledgment itself was left blank where the date and names of the parties executing

the Trust Deed were to be filled in. Thus, the acknowledgment reads as follows:

STATE OF UTAH,  )
                )  SS:
COUNTY OF _____  )

On the ____ day of _____, A.D. 19___, personally appeared before me _____, the signers of the above instrument, having duly acknowledged to me that __ he __ executed the same.

---

Despite these defects, the Trust Deed was recorded on August 23, 1984, in the office of the Salt Lake County Recorder. First Security is the successor in interest to American Savings and Loan.

On November 16, 1989, the debtors filed bankruptcy under Chapter 7 of the United States Bankruptcy Code. On July 31, 1991, the Trustee filed a complaint under 11 U.S.C. § 544 to avoid First Security's interest in the Property. On December 2, 1991, the Trustee moved the bankruptcy court for summary judgment on all causes of action contained in its complaint. The bankruptcy court held a hearing on this motion on April 20, 1992, and granted the Trustee's motion for summary judgment based on its finding that the defective acknowledgment effectively voided the Trust Deed.[1] The bankruptcy court entered an order avoiding First Security's lien on the Property. First Security has appealed both the bankruptcy court's granting of summary judgment and its denial of First Security's motion to dismiss.

### ISSUES ON APPEAL

First Security has asserted three issues on appeal: (1) whether the bankruptcy court erred in finding that applicable Utah law does not provide that the Trust Deed imparts notice; (2) whether the bankruptcy court erred in finding that the Utah Effects of Recording Act of 1988 ("Act") does not apply to the Trust Deed; and (3) whether the bankruptcy court erred in finding that

the Trust Deed did not substantially comply with applicable Utah law in effect at the time of the Trust Deed's recordation. The Trustee responds that the bankruptcy court ruled correctly on the first two issues and First Security has waived any right to appeal the third issue.

### STANDARD OF APPELLATE REVIEW

Because this appeal involves only the bankruptcy court's legal determinations, and not its factual conclusions, the court's review is *de novo*. *In re Mullet*, 817 F.2d 677, 679 (10th Cir.1987); *In re Yeates*, 807 F.2d 874, 876–77 (10th Cir.1986).

### DISCUSSION

■ The principal issue on appeal is whether those provisions of the Act that would cure the Trust Deed's defective acknowledgment apply to the Trust Deed, which was recorded almost four years prior to the Act's effective date. The bankruptcy court concluded that the Act applies only to documents recorded on or after July 1, 1988. On appeal, First Security contends this conclusion was in error based on both the plain wording of the statute and the Act's legislative history. For the reasons expressed herein, the court concludes that the bankruptcy court's decision was error.

Since at least 1898, Utah law has required an acknowledgment or other proof of execution, such as a notarization, as a prerequisite to recording a trust deed or

---

1. At the same hearing, the bankruptcy court denied a motion by First Security to dismiss the Trustee's complaint on grounds that any defects in acknowledgment were cured by the Utah

Legislature's enactment in 1988 of the Effects of Recording Act, Utah Code Ann. §§ 57–4a–1, –4 (1990).

any other conveyance of real property. Utah Code Ann. § 57–3–1 (1990); *see also Larson v. Overland Thrift and Loan*, 818 P.2d 1316, 1323 (Utah Ct.App.1991), *cert. denied*, 832 P.2d 476 (Utah 1992). Generally, the acknowledgment is not part of the trust deed, but functions only to entitle the deed to be recorded. 7 G. Thompson, *Commentaries on the Modern Law of Real Property* § 3300, at 510–11 (1963).[2] Thus, the failure to record a deed does not affect the deed's validity or enforceability as between the parties to the deed. *Gregerson v. Jensen*, 669 P.2d 396, 398 (Utah 1983). Once recorded, the trust deed protects the beneficiaries of the trust against subsequent purchasers by imparting notice of the secured party's prior claim. Utah Code Ann. § 57–3–2(1) (1990); *see also Crompton v. Jensen*, 1 P.2d 242, 243–44 (Utah 1931).[3] If a party fails to properly record the deed, however, that prior claim may be void as against subsequent purchasers. Utah Code Ann. § 57–3–3 (1990). The formality of acknowledging a trust deed therefore carries significance beyond merely validating the identity of the trustor. If the trust deed is not properly acknowledged, the document is not entitled to be recorded by the county recorder. *Id.* § 57–3–1.

At the time the Trust Deed in question was executed, Utah law provided:

> No acknowledgment of any conveyance whereby any real estate is conveyed or may be effected shall be taken unless the person offering to make such acknowledgment shall be personally known to the officer taking the same to be the person whose name is subscribed to such conveyance as a party thereto, or shall be proved to be such by the oath or affirmation of a credible witness personally known to the officer taking the acknowledgment.

*Id.* § 57–2–6 (1986) (repealed 1988). While the Trust Deed bears the signatures of both debtors, the Trust Deed's acknowledgment fails to identify who appeared before the notary as required by § 57–2–6. Therefore, based on the clear wording of the statute in effect at the time of the Trust Deed's execution, the acknowledgment affixed to the Trust Deed is ineffectual, and, under the law as it exited in 1988, § 57–3–1 would operate to preclude the Trust Deed's effective recordation.[4] Thus, had the court encountered this case before July, 1988, the only possible resolution would have been to invalidate the acknowledgment and recordation of the Trust Deed, and the bankruptcy court would have properly avoided First Security's Trust Deed under § 544(a) of the bankruptcy code.

In 1988, however, the Utah Legislature amended the real estate code by enacting the Act. *See* 1988 Utah Laws ch. 155, §§ 19–22 (codified as amended at Utah Code Ann. §§ 57–4a–1, –4 (1990)). Among other changes, the Act provides: "A recorded document imparts notice of its contents regardless of any defect, irregularity, or omission in its execution, attestation, or acknowledgment." Utah Code Ann. § 57–4a–2 (1990). If this section applies to the Trust Deed, it would cure the defect in that document's acknowledgment, thus rendering the recordation of the Trust Deed effective. The central dispute in this case, of course, is whether that section so applies.

On April 20, 1992, the Honorable Judith M. Boulden of the United States Bankruptcy Court for the District of Utah held that

---

**2.** Acknowledging an instrument provides benefits beyond the right to record the document. For example, the Federal and Utah Rules of Evidence provide that acknowledged documents may be admitted into evidence without any other confirmation of their authenticity. Fed. R.Evid. 902(8); Utah R.Evid. 902(8).

**3.** As with the acknowledgment, recording a trust deed provides the recording party with advantages in addition to imparting notice of the deed's contents to all persons. For example, a fully executed, recorded deed creates a presumption that the deed was delivered to the other party. *See Controlled Receivables, Inc. v. Harman*, 17 Utah 2d 420, 413 P.2d 807, 809 (1966).

**4.** Not only is this conclusion obvious from the statute's plain wording, but in a case involving a mechanic's lien, the Utah Supreme Court also invalidated an acknowledgment that failed to identify who appeared before the notary. *Graff v. Boise Cascade Corp.*, 660 P.2d 721, 722–23 (Utah 1983).

the Act did not apply to the Trust Deed. (*See* Hr.Tran. Apr. 20, 1992, at 30–33.) Judge Boulden based this conclusion on her finding that to apply the Act retroactively would alter substantive rights, and that under Utah Code Ann. § 68–3–3 (1986) a statute cannot be applied retroactively without express legislative direction. (*See* Hr.Tran. Apr. 20, 1992, at 31–33.) Judge Boulden also concluded that the Act was not ambiguous to the extent that the court should refer to legislative history to resolve the issue. (*Id.*) Therefore, Judge Boulden granted the Trustee's motion and avoided First Security's Trust Deed.

After careful consideration, however, this court is convinced that the bankruptcy court's ruling was an incorrect interpretation of the Act. Section 57–4a–2 states that any "recorded document" imparts notice, irrespective "of any defect ... in its ... acknowledgment." Utah Code Ann. § 57–4a–2 (1990). Pursuant to 1988 Utah Laws ch. 155, § 25, this section became effective on July 1, 1988. When section 57–4a–2 took effect on July 1, 1988, that section operated to cure any existing "[defective] recorded document," such as the Trust Deed. This is the plain meaning of the Act's unambiguous terms, and the court need not resort to any legislative history or substance/procedure distinction to resolve this matter. *E.g., Johnson v. Utah State Retirement Board,* 770 P.2d 93, 95 (Utah 1988).

Similarly, section 68–3–3 has no application to this case because the court is not applying the Act retroactively, but merely recognizing that when the Act took effect on July 1, 1988, it operated to cure any then-recorded, yet defective instruments. The Act did not operate retroactively by curing prior to July 1, 1988 any defective instruments. Hence, the party's focus on the retroactivity issue is misplaced and the statute need only be applied according to

its clear directive that a defective recorded instrument, such as the Trust Deed in this case, does not fail to give notice of its contents because of the defect. While this was not the case before July 1, 1988, that certainly is the law now.

The Trustee recognizes that "[s]ection 57–4a–2 makes no attempt to establish a time frame with respect to its applicability." (Appellee's Brief at 7.) Yet, the Trustee construes this omission to mean that "read together with § 57–4a–1, [§ 57–4a–2] obviously applies only to documents recorded after July 1, 1988." (*Id.*) This approach, in contrast with the court's approach, would require going beyond the clear meaning of § 57–4a–2. The section does not express that a defective document is valid only if recorded after July 1, 1988. To add such a phrase to § 57–4a–2 would require the court to abandon that section's unambiguous language. Thus, it is the Trustee, and not First Security, that seeks to have this court depart from the Act's plain language, in contravention of the Utah Supreme Court's clear direction to the contrary.[5]

Finally, contrary to the Trustee's arguments, *Worthington & Kimball v. C & A Dev. Co.,* 777 P.2d 475 (Utah 1989), does not dictate a conclusion different from the one reached here. In that case, the Utah Supreme Court declined to apply retroactively an amendment that deleted the verification requirement from the mechanics lien statute. *Id.* at 477–78. Relying on § 68–3–3, the court noted the general rule that, absent clear legislative direction to the contrary, a statute will not be given retroactive application. What distinguishes *Worthington* from the instant case, however, is that the amendment in *Worthington* completely deleted the verification requirement, rather than rendering valid a defective verification. Thus, the mechanic's lien amendment did not convey

---

5. Accepting the Trustee's position would lead to a curious construction of the Act, and an even more curious result. The Trustee would have the court believe that, on the one hand, the Utah Legislature intended to effect a change in Utah law by providing that defective acknowledgments still provide notice; but, on the other

hand, decided this change would apply only to instruments recorded after July 1, 1988. Such a construction necessarily presupposes that the legislature recognized and determined to alter the inequities inherent in pre-Act Utah law, but determined to leave already recorded, but defective, instruments invalid.

that a previously defective verification became valid on the passage of the amendment, but expressed that in the future the verification requirement need not be followed. As explained above, the retroactive application of the Act is not at issue here; rather, the court's only task is to apply the Act's clear mandate that with the Act's passage a previously defective acknowledgment no longer is invalid.

## CONCLUSION

For the reasons expressed herein, as a matter of law the Utah Legislature's adoption of the Act cured any defects in the Trust Deed's acknowledgment. Because of this resolution, the court need not address the other issues raised by the parties. Accordingly, IT IS HEREBY ORDERED that:

1. The bankruptcy court's ruling of April 22, 1992, in this case is reversed.

2. The award of summary judgment in favor of the Trustee is reversed.

3. First Security's motion to dismiss the complaint is granted.