Scott and another, Appellants, vs. Christianson and wife, imp., Repondents.

*March 23 — April 9, 1901.*

*Mechanics' liens: Subcontractors: Claim for lien: Notice to owner: "Material facts."*

1. The name of the original contractor, and the giving of notice in writing to the owner of the property affected by a claim for a subcontractor's lien, required by sec. 3315, Stats. 1898, are "material facts in relation thereto," and therefore, under sec. 3320, Stats. 1898, must be stated in the claim for lien or it is insufficient.

[2. Whether the notice of claim for a subcontractor's lien, if it contains the facts required under sec. 3320, Stats. 1898, to be stated in the claim for lien, and has been properly filed, may serve the purpose of such a claim, not determined.]

3. A mechanic's lien being purely a statutory right, it must be pursued as the statute directs or it fails.

Scott and another vs. Christianson and wife.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed*.

This is an action to foreclose a subcontractor's lien upon a dwelling house. The material facts were not in dispute. In 1896 the defendant Haupert built a house for the defendant *John Christianson* under a written contract made April 20, 1896, by which he was to be paid $585 for building a house; the same to be completed June 5, 1896. Haupert completed the house June 18, 1896, and *Christianson* accepted the same and paid the entire contract price. Haupert made no contract with the plaintiffs to furnish materials for the house, but procured the lumber and materials necessary for the house during the months of April, May, and June from the plaintiffs, to the amount of $231.26, which the plaintiffs charged to him upon open account, and the same was not paid for. July 9, 1896, at the request of *Christianson*, Haupert ordered for the plaintiffs one cellar sash and 350 feet of cull lumber for a sidewalk, amounting to $2.35, which articles were delivered to *Christianson* on the same day. On the 7th of September, 1896, the plaintiffs served upon *Christianson* a written notice of their claim for the lien, as follows:

"Notice is hereby given to *John Christianson*, the owner of the property to be affected by the lien herein mentioned, that the undersigned, *John Scott* and *James Taylor*, partners under firm name of Scott & Taylor, subcontractor of Peter Haupert, principal contractor for performing the work and labor and furnishing the materials hereinafter mentioned, claim the lien given by chapter 143 of the Revised Statutes of Wisconsin and the acts amendatory thereof, upon the premises and lands hereinafter particularly described, and upon the dwelling house thereon situate; that the undersigned were employed by said Peter Haupert, principal contractor, to perform the work and labor, and to furnish the materials hereinafter particularly stated, upon the property hereinafter described, and the dwelling house situated thereon; that the undersigned have performed such work and labor and furnished such materials, pursuant to

such employment, upon the said property and dwelling house situated thereon; that the following is a particular statement of said work and labor so performed and of said materials furnished by the undersigned pursuant to such employment: Materials furnished as per statement annexed, and which is a part of this lien, amounting to the sum of two hundred thirty-three and $\frac{61}{100}$ dollars. The property to be affected by said lien is described as follows, to wit: No. 1608 4 St. East, to wit, lot 5, block 54, Lake Shore division to the city of Ashland, Ashland Co., Wis.

"Dated September 7th, 1896.      SCOTT & TAYLOR.

"To *John Christianson*, Owner."

On December 30, 1896, the plaintiffs filed a copy of the foregoing notice with the clerk of the circuit court, but filed no other claim for lien. The court found that the plaintiffs had never filed a claim for the lien as required by the statute, and hence denied a judgment for lien, and dismissed the action as against *Christianson* and his wife, but rendered a personal judgment against Haupert for the full amount of materials sold to him by the plaintiffs, and the plaintiffs appeal.

For the appellants there were briefs by *Sanborn, Gleason & Sleight,* and oral argument by *W. S. Cate.* To the point that the claim filed complied essentially with the statute, they cited *White v. Dumpke,* 45 Wis. 454; *Jarvis-C. M. T. Co. v. Sutton,* 46 Kan. 166; *Cahill, C. & Co. v. Ely,* 55 Mo. App. 102; *Drexel v. Richards,* 50 Neb. 509; *McCoy v. Quick,* 30 Wis. 521; *Witte v. Meyer,* 11 Wis. 296; *Sherry v. Schraage,* 48 Wis. 93; *Green v. Williams,* 19 L. R. A. 478.

For the respondents there was a brief by *George H. McCloud,* and oral argument by *W. M. Tomkins.*

WINSLOW, J. The trial court denied judgment for a mechanic's lien because no claim was filed therefor which complied with the statute. In this ruling the court was right.

The statute requires (sec. 3320, R. S. 1878) that the claim

for lien " shall contain a statement of the contract or demand upon which it is founded, the name of the person against whom the demand is claimed, the name of the claimant or assignee, the last date of the performance of labor or furnishing of materials, a description of the property affected thereby, a statement of the amount claimed and all other material facts in relation thereto." Conceding that the notice to the owner of the subcontractor's claim may, if properly filed, serve the purpose of a ' claim for a lien, it must, of course, contain all the statements made essential to the claim for lien by the statute above cited. The notice in the present case fails in two important particulars to fulfill this requirement: First. It failed to state with whom the original contract for the construction of the building was made. *Bertheolet v. Parker*, 43 Wis. 551. Second. It fails to allege that the claimants have given notice in writing to the owner of the property affected, as required by sec. 3315, R. S. 1878. Both of these facts are " material facts " in relation to the plaintiffs' claim for a lien, and hence are required to be stated, under sec. 3320, above quoted.

The lien being purely a statutory right, it must be pursued as the statute directs, or it fails.

Irrespective, therefore, of any other questions in the case, the judgment must be affirmed.

