DRUML COMPANY, INC., Plaintiff-Respondent, v. CITY OF NEW BERLIN, Defendant-Appellant.

*No. 75–486. Submitted on briefs May 4, 1977.—*
*Decided June 1, 1977.*
(Also reported in 254 N.W.2d 265.)

For the appellant the cause was submitted on the brief of *Thomas N. Klug, James T. Murray, Jr.,* and *Borgelt, Powell, Peterson & Frauen,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *John A. Wittig* and *Wittig & Wittig* of Milwaukee.

DAY, J. This is an appeal from a judgment entered November 7, 1975 granting summary judgment for the plaintiff-respondent (hereinafter referred to as the claimant) and against the defendant-appellant (the city).[1] Both the claimant and the city had moved for summary judgment.

The judgment against the city is for $25,181.61 damages plus $161.77 costs.

The claimant asserts a lien on funds held by the City of New Berlin in connection with a public improvement project. Claimant contracted with J. M. Berger, d/b/a J. M. Berger Companys, the prime contractors, for the rental of certain equipment to be used on the project. The equipment was rented to Berger between January 1, 1973 and October 9, 1973. The rental prices totaled $33,424.75, $10,000 of which the claimant has recovered directly from the prime contractor. By letter dated October 22, 1973 claimant notified the city clerk for the city that it claimed a lien for the full amount of the rental price under sec. 289.15(1), Stats. 1973.[2]

For reasons unexplained in the record, on October 25, 1973, Oscar J. Druml, President of the claimant company, sent a letter to the city clerk for the city of New Berlin which read:

"On October 22, 1973 we filed a Notice of Claim against J. M. Berger Companys for monies due to us

[1] The notice of appeal also states appeal would be brought from a judgment entered June 6, 1975 and an order entered June 16, 1975 in a garnishment action which followed commencement of this action. The city states in its brief, ". . . a decision . . . on the issues being presented will be dispositive of all matters which were the subject of the Notice of Appeal," and makes no further reference to the garnishment proceedings. The claimant does not take issue with this contention in its brief.

[2] "289.15 *Public Improvements; Lien on Contractor; Duty of Officials.* (1) Any person furnishing labor or materials to be used or consumed in making public improvements or performing public work, including . . . machinery . . . equipment . . . to any prime contractor . . . shall have a lien on the money or bonds

on the Goodyear Tire & Rubber Co. Site at 16300 W. Lincoln Ave., New Berlin, Wisconsin. This is to advise you that we have made satisfactory arrangements with J. M. Berger Companys for payments and herewith release our claim."

On March 25, 1974, claimant filed a new notice of claim with the city, according to claimant's affidavit accompanying the motion for summary judgment. The letter is not part of the record but is referred to in the decision of the trial court.

The only issue on this appeal is whether the October 25, 1973 letter operated as a waiver of lien under sec. 289.05, Stats., 1973.[3] The trial court decided it did not.

We hold the trial court erred in concluding sec. 289.15, Stats. should be read without reference to the waivers of lien provision of sec. 289.05. The latter statute

or warrants due or to become due the prime contractor therefor, if the lienor, before payment is made to the prime contractor, gives written notice to the debtor . . . municipality of the claim. The debtor shall withhold a sufficient amount to pay the claim and, when it is admitted by the prime contractor or established under sub. (3), shall pay the claim and charge it to the prime contractor."

[3] "289.05 *Waivers Of Lien.* (1) Any document signed by a lien claimant or potential claimant and purporting to be a waiver of construction lien rights under this subchapter, is valid and binding as a waiver whether or not consideration was paid therefor and whether the document was signed before or after the labor or material was furnished or contracted for. Any ambiguity in such document shall be construed against the person signing it. Any waiver document shall be deemed to waive all lien rights of the signer for all labor and materials furnished or to be furnished by the claimant at any time for the improvement to which the waiver relates, except to the extent that the document specifically and expressly limits the waiver to apply to a particular portion of such labor and materials. A lien claimant or potential lien claimant of whom a waiver is requested is entitled to refuse to furnish a waiver unless paid in full for the work or material to which the waiver relates. A waiver furnished is a waiver of lien rights only, and not of any contract rights of the claimant otherwise existing."

applies by its very terms; moreover the legislative history, were this court to resort to it, unambiguously requires the same result. Once it is determined the waiver section applies, the conclusion that claimant's lien was waived follows. The final question is whether respondent could resurrect the lien once it was waived, absent some allegation of mistake or fraud. It is concluded claimant could not revive its claim; therefore the judgment of the trial court in favor of the claimant Druml is reversed and the cause remanded with directions to enter judgment for the defendant city.

Secs. 289.05 and 289.15, Stats. were enacted by laws of 1967, C. 351. Sec. 289.05(1) was new; sec. 289.15 superceded the former sec. 289.53. Because the primary source of statutory construction is the statute itself, *State v. Wilson*, 77 Wis.2d 15, 21, 252 N.W.2d 64 (1977), the court need only read sec. 289.05 to discover that sec. 289.05(1) applies to construction lien rights "under this subchapter." Sec. 289.15 is part of the same subchapter 1.

It is claimant's contention this reference to construction lien rights applies only to liens upon private real estate. Neither the statutes nor their legislative history support this conclusion.

The advisory committee to the Legislative Council in its conclusions and recommendations described sec. 289.15 as a construction lien, albeit different from private liens because the lien is not upon the land itself.

"This proposed section is the equivalent of present §289.53, and provides in the case of public improvements *for a construction lien* not on the public land, but on the contract proceeds due or to become due the contractor at the time notice of lien claim is given. The section establishes the procedures for adjudging and paying the claims as to which such a notice is given."[4]

[4] Wisconsin Legislative Council 1967 Report Vol. III, p. 83 (Hereinafter, "Report.").

As enacted, sec. 289.01(1), Stats. states that, "This subchapter may be referred to as the construction lien law." Subchapter 1 contains sec. 289.15. This was not unintentional. According to the Report[5] at p. 80, the predecessor to sec. 289.15, which is sec. 289.53, was deliberately included in the subsection.

"There has never been a really comprehensive study of the Wisconsin statutes relating to construction liens, or as they are often but inaccurately called 'mechanic's liens,' such statutes being found at present in §§289.01 to 289.16 and 289.53 to 289.538, Wis. Stats., 1965."

As previously noted, sec. 289.05(1), Stats., the lien waiver statute, is new. According to the reporter and legal counsel for the advisory committee which drafted the law, this was primarily a codification of what was common practice in the construction industry. Raushenbush, *Wisconsin Construction Lien Law—1974* (1975, The Institute of Continuing Legal Education.)

Claimant argues that public improvement liens are different from private liens because the former creates a lien against sums due or to become due the prime contractor whereas the latter creates a lien on the owner's land. While this is true, the difference is not material to the question whether a lien claimant on a public project may waive his rights. Absent specific statutory authority, a subcontractor or materialman has no claim against the state or a municipal government in the nature of a lien. *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N.W. 980, 204 N.W. 476 (1925); CJS *Municipal Corporations* secs. 1215 A., 1216. It is common procedure for a statute to fill the void by creating a lien on the money due a prime contractor from the municipality under the contract for that particular improvement. 13 McQuillin Mun. Corp. (3rd

[5] See note 4.

Ed.), sec. 37.182. The purpose of sec. 289.53 (the predecessor to sec. 289.15), was to afford lien protection on public improvement projects. *Muller v. S. J. Groves & Sons Co.*, 203 Wis. 203, 233 N.W. 88 (1931).

We conclude that the public improvement lien provided by sec. 289.15, Stats. is subject to the waiver provision of sec. 289.05(1), Stats.

The claimant's March 25, 1973 letter was clear in its intent to release the lien claim. That letter constitutes a waiver under sec. 289.05, Stats.

Waiver of a lien disposes of the lien itself and the cause of action for foreclosure. *Marston Brothers Co. v. Oliver W. Wierdsma*, 244 Wis. 394, 402, 12 N.W.2d 748 (1944). Therefore, the claimant's subsequent notice of lien claim filed with the city could not resurrect the lien.

The claimant argues that since the prime contractor did not dispute the refiled claim of March 25, 1974 within thirty days under sec. 289.15(3),[6] claimant is entitled to be paid by the city. We disagree. The waiver made the refiling a nullity and hence there was no need for the prime contractor to dispute it.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment for the defendant.

---

[6] "289.15 *Public Improvements; Lien On Contractor; Duty of Officials.* . . . (3) If a valid lien exists under sub. (1) and the prime contractor does not dispute the claim within 30 days after service on him of the notice provided in sub. (2), by written notice to the debtor state, county, town or muncipality, the amount claimed shall be paid over to the claimant on demand and charged to the prime contractor pursuant to sub. (1). . . ."